■ In the Matter of WILLIAM PARSONS, Petitioner, v EUGENE S. LeFEVRE, as Superintendent of Clinton Correctional Facility, et al., Respondents.—Main, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged with and found guilty of violating a prison disciplinary rule prohibiting inmates from bribing or extorting or attempting to bribe or extort any person (see, 7 NYCRR 270.1 [b] [4] [i]). In this CPLR article 78 proceeding, petitioner contends that this finding was unsupported by substantial evidence, because a charge of bribery is inapplicable since only a public official may be bribed and no evidence was presented showing his use of force or threat of force, as is required for a finding of extortion. We disagree. Contrary to petitioner's assertion, bribery is not limited to the improper influencing of a public official, and the use of the term has not been so limited in New York (see, Penal Law art 180 [bribery not involving public servants]). Furthermore, the prison rule in question refers to an "attempt to bribe * * * any person" (7 NYCRR 270.1 [b] [4] [i] [emphasis supplied]). Therefore, the fact that the person attempted to be bribed was an inmate rather than a public official is of no consequence. We finally note that the Hearing Officer's determination, based upon the written inmate misbehavior report and the testimony of the maker of the report, was supported by substantial evidence (see, People ex rel. Vega v Smith, 66 NY2d 130, 139).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.